IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Marian Betty Deveaux, | ) | Civil Action No.: 1:09-cv-00510-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for a review of the magistrate judge's Report and Recommendation [Entry #24], filed on September 1, 2010, addressing Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. The Commissioner of the Social Security Administration ("Commissioner") affirmed the Administrative Law Judge's ("ALJ") decision that Plaintiff is not disabled. The magistrate judge concluded that the Commissioner's decision to deny benefits should be reversed and the action remanded for additional consideration in accordance with 42 U.S.C. § 405(g) (providing that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."). More specifically, the magistrate judge recommended that the court remand the case to the ALJ to fully consider the various opinions and assessments by Plaintiff's medical providers in the record; obtain additional evidence as appropriate and fully explain any evidence considered in reaching his conclusions regarding Plaintiff's disability and the time periods of such

disability; and further develop the record concerning Plaintiff's abilities regarding her past relevant work. The Report and Recommendation sets forth the relevant facts and legal standards which this court incorporates herein without a recitation.

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The parties were fully apprised of their right to object to the Report and Recommendation. [Entry # 24-1]. On September 2, 2010, the Commissioner filed Defendant's Notice of Not Filing Objections to the Report and Recommendation [Entry # 30], wherein he stated his intention not to file any objections. In the absence of objections to the magistrate judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed.R.Civ.P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from

the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation [Entry # 24] and incorporates it herein. It is therefore **ORDERED** that the Commissioner's decision be reversed and remanded for further administrative action in accordance with 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

September 15, 2010
Greenville, South Carolina